129 F.Supp. 815 (1949)
Beulah Greenwalt WALCHER, Plaintiff,
v.
LOEW'S Incorporated, Defendant.
No. 5385.
United States District Court, E. D. Missouri, E. D.
July 26, 1949.
Samuel H. Lieberman and Donald J. Meyer, St. Louis, Mo., for plaintiff.
Thompson, Mitchell, Thompson & Young and Richard D. Shewmaker, St. Louis, Mo., for defendant.
MOORE, District Judge.
In this case, a suit for damages for an alleged invasion of the plaintiff's right of privacy, the verdict was for $65,000 actual damages and $225,000 punitive damages. A search of the authorities reveals no verdict in the Federal Courts *816 in Missouri, nor in the State Courts of Missouri, for as large an amount as the total of $290,000 has ever been returned, much less sustained, in any case involving the right of privacy, libel, slander, or for personal injuries.
The "right of privacy" cases are very few and of little aid for the purpose of comparison with the verdict in this case. The only "privacy" case in the appellate courts of Missouri where the amount of the verdict is shown is that of Barber v. Time, Inc., 348 Mo. 1199, 159 S.W.2d 291. In that case the defendant, in its weekly news magazine, called "Time", printed an article relating to plaintiff and headed "Starving Glutton", which contained the statement that plaintiff had eaten enough in the previous year to have fed a family of ten and yet had lost 25 pounds: the article went on to discuss whether the plaintiff's pancreas was functioning properly. With the article was published a picture showing plaintiff in bed in a long-sleeved hospital gown. It was a close-up picture showing only her face, head and arms with the bed clothes over her chest. Underneath the picture was printed "Insatiable-Eater Barber" and "She eats for ten". There was a verdict of $1,500 actual damages and $1,500 punitive damages, but the Court held that there was not sufficient evidence to show express malice on the part of the defendant and, therefore, affirmed the case but required the remittitur of $1,500 punitive damages.
Turning to the analogous field of libel and slander, it is found that the largest award ever sustained by an appellate court of Missouri in a libel case was that of Seested v. Post Printing & Publishing Co., 1930, 326 Mo. 559, 31 S.W.2d 1045, 1054. In that case the jury returned a verdict for $100,000 actual and $100,000 punitive damages. Plaintiff had been charged with the crime of treason and with being an arch-traitor. The Court, in its opinion, said:
"The article in question was false; it was known to the appellant to be false, because the appellant itself concocted the falsehood; in order to give it the similitude of truth, the appellant planted beforehand a lying document of the same purport in the archives of the American Protective League; when the time seemed propitious to make deadly use of the deliberately planned libel, appellant caused the existence and whereabouts of the planted document to be discovered, casually as it were, and reported to it by letter. All was done pursuant to a scheme carefully and craftily laid out. Following the publication there was no retraction by appellant; on the contrary, it republished the same libel, in effect, after this suit was commenced. On the trial there was no claim of privilege, and nothing was offered in mitigation."
The judgment was affirmed only upon condition that respondent enter a remittitur in the sum of $75,000 as to the compensatory damages.
In the recent case of Crowell-Collier Publishing Co. v. Caldwell, 5 Cir., 170 F.2d 941, 944, the judgment was reversed because of the excessive verdict. In that case the plaintiff was the Governor of Florida and brought his suit for damages for publication of a magazine editorial imputing indifference on the part of the Governor to a lynching in his state. The Court said in its opinion:
"* * * It is a general rule of law, more strictly observed in some jurisdictions than in others that the punitive power of the jury is not unrestrained but is to be exercised with discretion, and that exemplary or punitive damages awarded must bear some, though not an exact relation to actual damages. If the verdict in this case were merely excessive in respect both of actual and punitive damages and in respect of the relation between the two, these facts standing alone would not constitute reversible error. But the verdict here was not merely in the ordinary sense an excessive verdict. It was an inordinate one, without precedent or *817 sound legal basis. * * *" (Italics ours.)
The above quoted opinion of the Court aptly sets forth the views of this Court in this case.
The award of $65,000 actual damages and the award of $225,000 punitive damages in an action of this sort are each so excessive as to be necessarily the result of passion, prejudice and sympathy; therefore, defendant's alternative motion for a new trial must be sustained upon the grounds set forth in the first three paragraphs of defendant's Motion for New Trial.
Order will be entered consistent with this memorandum.